IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAMON W. GRUNDY,

    Plaintiff,                    No. CIV S-07-1421 MCE DAD P

    vs.

DOCTOR JENNINGS, et al.,

    Defendants.             ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915. This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 72-302 and 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted an in forma pauperis application that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, plaintiff will be granted leave to proceed in forma pauperis.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. See 28 U.S.C. §§ 1914(a) & 1915(b)(1). An initial partial filing fee of $13.45 will be assessed by this order. See 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's prison trust account and forward it to

1  the Clerk of the Court.  Thereafter, plaintiff will be obligated to make monthly payments of
2  twenty percent of the preceding month's income credited to plaintiff's prison trust account.
3  These payments will be collected and forwarded by the appropriate agency to the Clerk of the
4  Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in
5  full.  See 28 U.S.C. § 1915(b)(2).

6        The court is required to screen complaints brought by prisoners seeking relief
7  against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C.
8  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised
9  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be
10 granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28
11 U.S.C. § 1915A(b)(1) & (2).

12       A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
13 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
14 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
15 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
16 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
17 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
18 Cir. 1989); Franklin, 745 F.2d at 1227.

19       A claim should be dismissed for failure to state a claim upon which relief may be
20 granted only if it appears beyond doubt that plaintiff can prove no set of facts in support of the
21 claim that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing
22 Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651
23 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must
24 accept as true the allegations of the complaint.  See Hospital Bldg. Co. v. Rex Hosp. Trustees,
25 425 U.S. 738, 740 (1976).  The court must also construe the pleading in the light most favorable
26 /////

to the plaintiff and resolve all doubts in the plaintiff's favor.  See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Plaintiff alleges that on February 3, 2006, while incarcerated at California State Prison - Solano, he had his right wisdom tooth extracted by an oral surgeon, defendant Jennings. Plaintiff alleges that following the oral surgery he experienced extreme pain and swelling in his right jaw and neck as a result of infection and that he had to be hospitalized for four days. Plaintiff seeks $800,000 for his pain and suffering and an investigation "to eleviate [sic] any further incidents for future patients having dental work done."

The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment prohibited by the Eighth Amendment.  Whitley v. Albers, 475 U.S. 312, 319 (1986); Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). In order to prevail on a claim of cruel and unusual punishment, a prisoner must allege and prove that objectively he suffered a sufficiently serious deprivation and that subjectively prison officials acted with deliberate indifference in allowing or causing the deprivation to occur.  Wilson v. Seiter, 501 U.S. 294, 298-99 (1991).

In general, deliberate indifference may be shown when prison officials deny, delay, or intentionally interfere with medical treatment, or may be shown by the way in which prison officials provide medical care.  Hutchinson v. United States, 838 F.2d 390, 393-94 (9th Cir. 1988).  Before it can be said that a prisoner's civil rights have been abridged with regard to medical care, however, "the indifference to his medical needs must be substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06).  Deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.'"  Farmer, 511 U.S. at 835 (quoting Whitley, 475 U.S. at 319).

/////

3

Mere differences of opinion between a prisoner and prison medical staff as to proper medical care do not give rise to a § 1983 claim. Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

Here, the court finds that plaintiff has not provided sufficient factual allegations to demonstrate that defendant Jennings was deliberately indifferent about plaintiff's dental care. Plaintiff has also named an entity identified as "the Division of Health Care Services" as a defendant in this action. The court is not familiar with such an entity; however, plaintiff is informed that if the Division of Health Care Services is a state agency, such a defendant would be entitled to Eleventh Amendment immunity. See Pennhurst State School & Hosp. v. Halderman, 465 U.S. 889, 100 (1984) (Eleventh Amendment proscribes suit against state agencies "regardless of the nature of the relief sought").

Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and must allege facts that support the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support his claims. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to file an amended complaint, plaintiff must demonstrate how the conditions complained of resulted in a deprivation of plaintiff's federal constitutional or statutory rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The amended complaint must allege in specific terms how each named defendant was involved in the deprivation of plaintiff's rights. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v.

4

1 Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations of official

2 participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266,

3 268 (9th Cir. 1982).

4 　　　　　Plaintiff is informed that the court cannot refer to a prior pleading in order to

5 make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended

6 complaint be complete in itself without reference to any prior pleading.  This is because, as a

7 general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

8 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

9 longer serves any function in the case.  Therefore, in an amended complaint, as in an original

10 complaint, each claim and the involvement of each defendant must be sufficiently alleged.

11 　　　　　Accordingly, IT IS HEREBY ORDERED that:

12 　　　　　1.  Plaintiff's July 18, 2007 application to proceed in forma pauperis is granted.

13 　　　　　2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

14 Plaintiff is assessed an initial partial filing fee of $13.45.  All fees shall be collected and paid in

15 accordance with this court's order to the Director of the California Department of Corrections

16 and Rehabilitation filed concurrently herewith.

17 　　　　　3.  Plaintiff's complaint is dismissed.

18 　　　　　4.  Plaintiff is granted thirty days from the date of service of this order to file an

19 amended complaint that complies with the requirements of the Civil Rights Act, the Federal

20 Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the

21 docket number assigned to this case and must be labeled "Amended Complaint"; plaintiff must

22 use the form complaint provided by the court; failure to file an amended complaint in accordance

23 with this order will result in a recommendation that this action be dismissed without prejudice.

24 /////

25 /////

26 /////

5. The Clerk of the Court is directed to provide plaintiff with the court's form complaint for a § 1983 action.

DATED: June 12, 2008.

*Dale A. Drozd*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
grun1421.14